IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. PX-20-29 |
| | * |
| ANTONY MICHAEL MILEO | * |
| | * |
| | * |
| Defendant | * |
| | * |

\*\*\*\*\*\*\*

**CONSENT MOTION TO EXCLUDE TIME**
**PURSUANT TO 18 U.S.C. § 3161(h)(7)**

Comes now the United States of America, by and through its counsel, Robert K. Hur, the United States Attorney for the District of Maryland, and Timothy F. Hagan, Jr., Assistant United States Attorney for said district, with the consent of counsel for the Defendant, respectfully submits this Motion to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), and moves to exclude time from the speedy trial calculation and in support thereof submits the following:

1. On or about January 22, 2020, a federal grand jury in the District of Maryland returned an Indictment charging the Defendant with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1).  (*See* ECF No. 1 (Indictment).)

2. An Initial Appearance and Detention Hearing was held on January 27, 2020, where the defendant was released on conditions. (*See* ECF Nos. 5, 6.)

3. The Defendant was arraigned on March 2, 2020.  The parties were directed to contact chambers for scheduling future proceedings. (*See* ECF No. 11.)

4. Nine days later, on March 11, 2020, Chief Judge James K. Bredar entered a Standing Order imposing health- and travel-related limitations on access to Court facilities.  *See*

1

Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 90. Further restrictions to visitors to Court facilities were put in place in subsequent orders. *See* Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 94; Second Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 96; Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12 (limiting proceedings to Mondays, Wednesdays, and Fridays). On March 18, 2020, the Court also suspended all proceedings set to take place in the Southern Division U.S. Courthouse in Greenbelt, Maryland until further notice. *See* Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 3. On March 20, 2020, Chief Judge Bredar issued an order suspending jury selection and criminal trials through April 24, 2020. *See* Standing Order No. 2020-05, *In re Standing Orders*, Misc. No. 20-308, ECF 97. On April 10, 2020, Chief Judge Bredar issued another order, which supersedes Standing Order 2020-05, and further suspending jury selection and criminal trials through June 5, 2020. *See* Standing Order No. 2020-07, *In re Standing Orders*, Misc. No. 20-308, ECF 99. Standing Order 2020-07 provides that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and June 5, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Standing Order 2020-07, at 2.

5. These orders were imposed following the January 31, 2020 declaration of a public health emergency by the Secretary of Health and Human Services; the March 13, 2020 declaration of a national emergency by the President of the United States; and the March 5, 2020 declaration of a state of emergency by the Governor of Maryland, all related to the COVID-19 pandemic in the

United States.  On March 30, 2020, Maryland Governor Larry Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary purposes.  The measures enacted by Standing Order Nos. 2020-02, 2020-05, and 2020-07, the order suspending operations in the Greenbelt courthouse, and related orders suspending and limiting proceedings and operations were based upon guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  *See, e.g.,* Standing Order No. 2020-07, at 1.

6. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within 70 days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

7. The Government submits that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate, and thus tolling the Speedy Trial "clock" is appropriate.   A reasonable exclusion of time is in the interests of justice because it will provide defense counsel with a period of time to review and study discovery and continue to engage in plea negotiations.

8. Defense counsel consents to the relief requested herein.

9. For the foregoing reasons, the ends of justice will be served by excluding the time period between **January 27, 2020** and **September 1, 2020** in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests

of the public and the Defendant in a speedy trial.

**WHEREFORE**, the Government, with consent of the Defendant, respectfully requests that the Court exclude the time period between **January 27, 2020** and **September 1, 2020**, under the Speedy Trial Act, in conformance with the draft order that is submitted herewith.

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

By:    /s/ Timothy F. Hagan, Jr.
        Timothy F. Hagan, Jr.
        Assistant United States Attorney
        United States Attorney's Office
        District of Maryland

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   **CRIMINAL NO. PX-20-29** |
| | * |
| **ANTHONY MICHAEL MILEO** | * |
| | * |
| **Defendant** | * |
| | * |
| | ******* |

**ORDER GRANTING EXCLUSION OF TIME**
**PURSUANT TO 18 U.S.C. § 3161(h)**

Upon consideration of the Government's Motion for the Exclusion of Time Pursuant to 18 U.S.C. § 3161(h)(7), which motion has been consented to by the Defendant, the Court makes the following findings:

1. On or about January 22, 2020, a federal grand jury in the District of Maryland returned an Indictment charging the Defendant with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1). (*See* ECF No. 1 (Indictment).)

2. An Initial Appearance and Detention Hearing was held on January 27, 2020, where the defendant was released on conditions. (*See* ECF Nos. 5, 6.)

3. The Defendant was arraigned on March 2, 2020. The parties were directed to contact chambers for scheduling future proceedings. (*See* ECF No. 11.)

4. Nine days later, on March 11, 2020, Chief Judge James K. Bredar entered a Standing Order imposing health- and travel-related limitations on access to Court facilities. *See* Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 90. Further restrictions to visitors to Court facilities were put in place in subsequent orders. *See* Amended

Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 94; Second Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 96; Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12 (limiting proceedings to Mondays, Wednesdays, and Fridays). On March 18, 2020, the Court also suspended all proceedings set to take place in the Southern Division U.S. Courthouse in Greenbelt, Maryland until further notice. *See* Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 3. On March 20, 2020, Chief Judge Bredar issued an order suspending jury selection and criminal trials through April 24, 2020. *See* Standing Order No. 2020-05, *In re Standing Orders*, Misc. No. 20-308, ECF 97. On April 10, 2020, Chief Judge Bredar issued another order, which supersedes Standing Order 2020-05, and further suspending jury selection and criminal trials through June 5, 2020. *See* Standing Order No. 2020-07, *In re Standing Orders*, Misc. No. 20-308, ECF 99. Standing Order 2020-07 provides that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and June 5, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Standing Order 2020-07, at 2.

5.  These orders were imposed following the January 31, 2020 declaration of a public health emergency by the Secretary of Health and Human Services; the March 13, 2020 declaration of a national emergency by the President of the United States; and the March 5, 2020 declaration of a state of emergency by the Governor of Maryland, all related to the COVID-19 pandemic in the United States. On March 30, 2020, Maryland Governor Larry Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other

necessary purposes.  The measures enacted by Standing Order Nos. 2020-02, 2020-05, and 2020-07, the order suspending operations in the Greenbelt courthouse, and related orders suspending and limiting proceedings and operations were based upon guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  *See, e.g.,* Standing Order No. 2020-07, at 1.

6. On July 20, 2020, the Government filed a motion seeking to toll the Speedy Trial "clock," between **January 27, 2020** and **September 1, 2020**.

7. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within 70 days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

8. The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that this is a substantial case, and the ends of justice are best served by excluding the time period between **January 27, 2020** and **September 1, 2020** in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c), and the ends of justice do here outweigh the interest of the public and the Defendant in a speedy trial.   This is so because this exclusion of time will provide the Defendant with appropriate time to review the discovery and to engage in plea negotiations.

**WHEREFORE**, it is hereby **ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(7), the time period between **January 27, 2020** and **September 1, 2020** is excluded from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).

DATE: July ____, 2020    _____
　　　　　　　　　　　　　　　　　　Hon. Paula Xinis
　　　　　　　　　　　　　　　　　　United States District Court Judge
　　　　　　　　　　　　　　　　　　District of Maryland