

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Timothy F. Hagan, Jr.*
*Assistant United States Attorney*
*Timothy.Hagan@usdoj.gov*

Mailing Address:
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770-1249

Office Location:
6406 Ivy Lane, 8th Floor
Greenbelt, MD 20770-1249

DIRECT: 301-344-8134
MAIN: 301-344-4433
FAX: 301-344-4516

September 3, 2020

David W. Fischer, Esq.
Fischer and Putzi, PA
Empire Towers Suite 300
7310 Ritchie Hwy
Glen Burnie, MD 21061

\_\_\_\_ FILED   \_\_\_ ENTERED
\_\_\_\_ LOGGED   \_\_\_\_\_ RECEIVED

2:41 pm, Dec 21 2020

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY \_\_\_\_dds_____Deputy

Re:   United States v. Anthony Michael Mileo,
      Criminal No. PX-20-29

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Anthony Michael Mileo (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **5:00 p.m. on September 18, 2020**, it will be deemed withdrawn. **The plea agreement is entered into and will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C)**. The terms of the Agreement are as follows:

Offense of Conviction

1. The Defendant agrees to waive his right to be charged by indictment and plead guilty to Count One of a Superseding Information, which charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Defendant admits that the Defendant is, in fact, guilty of this offense and will so advise the Court.

Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: that on or about the time alleged in the Superseding Information, in the District of Maryland, (1) the Defendant knowingly possessed a visual depiction; (2) that visual depiction was transported in or affecting interstate or foreign commerce or was produced using materials that had been transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce by any means, including by computer; (3) the visual depiction was child pornography, as defined in 18 U.S.C. § 2256(8); and (4) the Defendant knew of the sexually explicit nature of the material and the visual depiction was of an actual minor engaged in sexually explicit conduct.

Rev. August 2018

## Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2252A(a)(5), (b)(2) | N/A | 20 years | At least 5 years and no more than life | $250,000 | $100 and $5,000 |

        a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

        b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

        c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

        d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

        e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture, including the types of property identified at 18 U.S.C. § 2253. At a minimum, the Defendant will forfeit any property (real or personal), device, or other materials containing or used to transfer child pornography.

        f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant

agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4.  The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to have a grand jury consider the charges in the Superseding Information against the Defendant. The Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.  If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be

admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

    5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

    6. This Office and the Defendant stipulate and agree to the Stipulation of Facts set forth in Attachment A, which is incorporated by reference herein. This Office and the Defendant further agree that the applicable advisory guidelines apply as follows:

### Count One – Possession of Child Pornography

    a. This Office and the Defendant further agree that the applicable base offense level is **18**, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(a)(1).

    b. A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of twelve years.

   c. A **4-level** increase applies, pursuant to U.S.S.G. § 2G2.(b)(4), because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

   d. A **2-level** increase applies, pursuant to U.S.S.G. § 2G2.1(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.

   e. A **5-level** increase applies, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved 600 or more images.

   f. This Office does not oppose a **2-level** reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1-level** decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

  7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

  8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11 (c) (1) (C) Plea

  9. The parties stipulate and agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of **not less than 48 months and not more than 78 months of imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so

Rev. August 2018

elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). However, the parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentencing range contained in this Agreement and the Defendant will not be able to withdraw his plea.

## Obligations of the Parties

9. At the time of sentencing, this Office and the Defendant agree to request a sentence within the range of **not less than 48 months and not more than 78 months of imprisonment** in the custody of the Bureau of Prisons. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Superseding Information.

## Waiver of Appeal

10. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

   b. If the Court imposes a sentence within the agreed-upon range, the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Forfeiture

11.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

12.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in any money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities

13.     The Defendant further agrees to forfeit any visual depiction described in Title 18, U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, electronic media, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110.

14.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

15.     The Defendant agrees to assist fully in the forfeiture of the property described above. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

16.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

Abandonment

17.     The Defendant knowingly and voluntarily waives any right, title, and interest in the following property: (1) a black Kyocera Model E6810 cellular telephone seized from the defendant's police-issued vehicle; (2) an Apple iPhone bearing IMEI number 359474080251436 seized from the defendant; and (3) a black Apple iPhone in a black case with the letters "K9"

written on the back (collectively, the "Abandoned Property") and consents to its federal administrative disposition, official use, and/or destruction.

18. The Defendant understands that he would have a right to file a claim to the Abandoned Property under 41 C.F.R. § 128-48.102-1 and waives his right to claim the Abandoned Property under 41 C.F.R. § 128-48.503. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

## Restitution

19. The Defendant agrees to the entry of a restitution order for the full amount of the victim's losses for all victims of the conduct described in the factual stipulation. The Defendant stipulates and agrees that all minors depicted in child pornography that the Defendant distributed, received, or possessed on electronic devices and storage media seized from his residence are victims to whom restitution should be paid. The Defendant agrees that, pursuant to 18 U.S.C. §§ 2259, 3663A, 3664, and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Sex Offender Registration and Additional Special Assessment

20. The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

21. The Defendant must also pay an additional special assessment of $5,000, unless the Defendant is indigent, pursuant to 18 U.S.C. § 3014.

### Defendant's Conduct Prior to Sentencing and Breach

22. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

23. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Entire Agreement

24. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

Rev. August 2018

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

_____
Timothy F. Hagan, Jr.
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_9-14-20_  _____
Date          Anthony Michael Mileo

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_9/15/20_  _____
Date           David W. Fischer, Esq.

Rev. August 2018

10

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

At all times relevant to this offense, the Defendant, **ANTHONY MICHAEL MILEO** (hereinafter "**MILEO**") was employed as a law enforcement officer with the National Capital Park Police. Specifically, **MILEO** held the rank of Corporal and was a K9 handler.

On August 7, 2019 the Maryland State Police ("MSP") Computer Crimes Unit received a referral from the National Center for Missing and Exploited Children ("NCMEC") regarding the possession of child sexual abuse material. The cybertip indicated that video files containing videos of child sexual abuse were uploaded to a Dropbox account.

MSP reviewed the videos contained in the cybertip and confirmed that the six videos depicted child sexual abuse. MSP obtained information from Dropbox, Inc. regarding the user account information associated with the cybertip. The following user account information was provided by Dropbox, Inc.

>Email Address: k9king333@gmail.com (Verified 07-01-2015 15:02:29 UTC)
>Screen/Username: Tony Mileo
>ESP User ID: 440368731
>IP Address: 107.0.121.72 (Login) 10-28-2018 15:09:25 UTC

On September 6, 2019, MSP obtained and served a search warrant for the contents of the k9king333@gmail.com account from Google, Inc. and the contents of the Dropbox account referenced in the cybertip. In response, Google, Inc. provided the following subscriber information:

>Name: Kane M.
>Recovery Email: k9king33@gmail.com
>SMS: 240-882-4456

Google, Inc. also provided an Internet Protocol ("IP") logins history for the account, which indicated that the email address k9king333@gmail.com was accessed six times by the IP address that was listed in the cybertip. The contents of the account provided by Google, Inc. included approximately 71 video files depicting child sexual abuse, including videos of minors engaged in sexual conduct while in bondage uploaded on or about May 28, 2019. The video files depicting child sexual abuse also included minor victims under the age of 12. The video files located in the Google account included a series of known victims of child sexual abuse identified through NCMEC. The Google account also contained non-contraband materials, including Maryland-National Capital Park Police documents associated with **MILEO**, such as leave balances, tax

documents, and training/event information related to "Anthony Mileo, Corporal, Park Police, Cosca Substation." MSP determined that the Google, Inc. account holder name "Kane" is the same name of one of **MILEO**'s dogs.

Dropbox, Inc. also provided the content of the account associated with the email k9king333@gmail.com. The content included over a dozen video files depicting child sexual abuse located inside digital folders entitled "Daddy lil girl" and "XXXX." Dropbox, Inc. provided the IP address associated with a transfer of videos depicting child sexual abuse to this Dropbox account on July 1, 2019.

MSP was able to identify the IP addresses referenced in the Google, Inc. and Dropbox, Inc. returns as associated with a Comcast Cable Internet Service Provider ("ISP") account. A subpoena was issued to Comcast for the account information associated with the IP addresses identified by Google, Inc. and Dropbox, Inc. Comcast's response indicated that the Comcast account from which the IP addresses were accessed was located at **MILEO**'s residence, a single family home in Calvert County, Maryland.

On November 7, 2019, MSP and members of the Department of Homeland Security ("HSI") executed a search and seizure warrant at **MILEO**'s residence. As a result of this search, three cellular telephones were seized, one from **MILEO** (his personal iPhone) another from the rear of **MILEO**'s Park Police-issued vehicle (a black Kyocera Model E6810), and a third that was a police issued black iPhone in a black case with the letters "K9" on the back. **MILEO** was arrested, transported to the MSP barrack, and advised of his *Miranda* rights, which he initially waived. **MILEO** identified his personal cell phone number as 240-882-4456 and his personal email address as k9king333@gmail.com.

**MILEO** uploaded the previously referenced videos depicting child sexual abuse from Maryland to his Dropbox and Google accounts. Dropbox, Inc. and Google, Inc. stored the contents of **MILEO**'s Dropbox and Google accounts, including the child sexual abuse material, in California. The child sexual abuse material could then be accessed by **MILEO** from any device with an internet connection. For example, **MILEO** uploaded the Dropbox application onto his personal iPhone, which allowed him access to the images of child sexual abuse contained in his Dropbox account from his personal iPhone.

SO STIPULATED:

_____
Timothy F. Hagan, Jr.
Assistant United States Attorney

_____   9-14-20
Anthony Michael Mileo
Defendant

_____   9/15/20
David Fischer, Esq.
Counsel for Defendant

Rev. August 2018

2